IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| WANDA GADDIS | * | |
| Plaintiff, | * | |
| vs. | * | |
| | | CASE NO. 4:07-CV-173 (CDL) |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | |
| | * | |
| Defendant, | * | |
| | * | |
| | * | |
| STATE FARM FIRE AND CASUALTY COMPANY, | * | |
| Counterclaimant, | * | |
| vs. | * | |
| WANDA GADDIS, | * | |
| Counter-defendant. | * | |
| | * | |

O R D E R

Plaintiff Wanda Gaddis filed the present action against her homeowner's insurance provider, Defendant State Farm Fire and Casualty Company ("State Farm"), alleging that State Farm exhibited bad faith in refusing to defend and indemnify Plaintiff in a Georgia lawsuit arising from an automobile accident on Plaintiff's property. State Farm contends that the policy at issue does not provide coverage for the claims asserted in the underlying litigation, and thus that it does not owe a duty to indemnify Plaintiff for the awarded damages. State Farm also counterclaims for declaratory

relief, asking that this Court determine the parties' respective rights under Plaintiff's policy. Presently pending before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. 9). For the following reasons, this motion is granted.

STANDARD OF REVIEW FOR JUDGMENT ON THE PLEADINGS

Judgment on the pleadings "is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Horsley v. Rivera*, 292 F.3d 695, 700 (11th Cir. 2002). "If upon reviewing the pleadings it is clear that the plaintiff would not be entitled to relief under any set of facts that could be proved consistent with the allegations, the court should dismiss the complaint." *Id.* The Court "must accept all facts in the complaint as true and 'view them in the light most favorable to the' plaintiff[]." *Moore v. Liberty Nat. Life Ins. Co.*, 267 F.3d 1209, 1213 (11th Cir. 2001) (quoting *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998)); *see also Gen. Guar. Ins. Co. v. Parkerson*, 369 F.2d 821, 825 (11th Cir. 1966) ("We are, of course, aware of the obligation to scrutinize the complaint and to let it stand if plaintiff might recover under any state of facts which could be proved in support of the claim, with the complaint construed in the plaintiff's favor.").

BACKGROUND

Accepting each of the allegations as true, and construing the facts in Plaintiff's favor, the pleadings show as follows:

Plaintiff is the owner of twenty-eight acres of real property in Harris County, Georgia ("Property"). (Compl. ¶¶ 2, 4.) Plaintiff resides on the Property with her son, Torin Wayne Regan ("Regan"). (*Id.* ¶ 3.) There are two houses and a cabin on the Property; a private road, which Plaintiff maintains, connects these structures. (*Id.* ¶¶ 4-7.) At a certain location on the Property, the private road traverses a dam, which Plaintiff also owns and maintains. (*Id.* ¶ 9.) Although there is a steep embankment next to the road at one end of the dam, there are no guardrails to block the embankment and there is no gravel in the road at this location. (*Id.* ¶¶ 10, 12.) Plaintiff previously maintained a timbered bridge, but "[a]fter the bridge washed out or deteriorated, it was not replaced." (*Id.* ¶ 12.)

## I. The Underlying Litigation

On July 13, 2003, Regan was involved in an automobile accident on the Property in which his friend, Mallory K. Davis ("Davis"), was injured. (Compl. ¶¶ 5-6; Countercl. ¶ 7.) The private road "was slick from rain[,]" so that as Regan drove over the dam, he "left the slick roadway, went over the steep embankment, slid down it and collided with the concrete block wall on the other side of the dam spillway." (Compl. ¶¶ 8, 11.) The abrupt stop caused Davis to fly forward and strike the windshield, dashboard, and the right side

3

door.  (*Id.* ¶ 13.)   Davis suffered severe and permanent injuries, which resulted in medical expenses exceeding $52,240.00.  (*See id.* ¶¶ 13-19.)

On June 30, 2004, Davis's mother filed suit against Plaintiff and Regan in the Superior Court of Harris County, Georgia.  (*See* Davis Compl.)  The complaint asserted negligence claims against Regan "for driving too fast for conditions, and failure to maintain a lookout ahead."[1]  (*Id.* ¶ 19.)  In addition, the complaint asserted separate negligence claims against Plaintiff for "failure to adequately maintain [the Property], failure to install guardrails, failure to place gravel on the roadway, or in lieu thereof, to restrict access to the roadway which she knew or should have . . . known was dangerous when [w]et and slick from rain."  (*Id.* ¶ 20.)

## II. Plaintiff's Insurance Coverage

At the time of the accident, State Farm insured the Property under policy number 81-KV-2441-9 ("Policy").  (Compl. ¶ 1.)  The Policy provided "an insured"[2] with personal liability coverage "for damages because of bodily injury . . . to which . . . coverage applies," and for "necessary medical expenses incurred or medically ascertained within three years from the date of an accident causing

---

[1]Davis also sought to hold Plaintiff liable for Regan's negligence "as the owner of the vehicle which was being used for a family purpose."  (Davis Compl. ¶ 21.)

[2]The Policy's definition of "insured" includes Plaintiff and any of Plaintiff's relatives who are "residents of [her] household."  (Ex. A to Compl., Homeowners Policy, Definitions ¶ 4 [hereinafter Policy].)

4

bodily injury." (Policy § 2, Liability Coverages L & M.) However, the Policy specifically excluded coverage for the following:

> e. bodily injury . . . arising out of the ownership, maintenance, use, loading or unloading of:
>
>    . . .
>
>    (2) a motor vehicle owned or operated by or rented or loaned to any insured; or
>
>    . . .
>
> f. bodily injury . . . arising out of:
>
>    (1) the entrustment by any insured to any person;
>
>    . . .
>
>    with regard to the ownership, maintenance or use of any . . . motor vehicle which is not covered under Section II of this policy.

(Policy § 2, Exclusions ¶ 1.) Although State Farm agreed to provide Plaintiff's initial defense in the state court action, (Compl. ¶ 21), it notified Plaintiff that it reserved the right to deny coverage based on the policy exclusions. (Countercl. ¶¶ 11, 12.) State Farm further advised Plaintiff that, "[i]n view of [her] possible personal liability, it [would] be agreeable with [State Farm] for [Plaintiff] . . . to procure attorneys of [her] own choosing, [and] at [her] own expense[.]" (Ex. C to Answer & Countercl., Letter at 2, Aug. 10, 2004 [hereinafter Second Letter].) Plaintiff chose not to procure independent counsel.

After conducting an investigation of the underlying facts, State Farm notified Plaintiff on March 14, 2005 that "there is no coverage

5

. . . for the automobile accident." (Ex. D to Answer & Countercl., Letter at 1 & 2, March 14, 2005.) On April 12, 2005, "the attorneys that were employed by State Farm . . . notified [Plaintiff] that they were withdrawing and [she] would have no further defense by State Farm . . . ." (Compl. ¶ 21.) The case ultimately proceeded to trial and resulted in a $750,000.00 judgment in Davis's favor. (*See* Ex. B to Compl., Judgment, March 20, 2007 [hereinafter Judgment].) The judgment specifically stated that

> [t]he proximate cause of the injuries which Mallory K. Davis incurred on July 13, 2003 was the negligent maintenance of the premises of [Plaintiff] due to her having failed to adequately maintain same by failing to replace the missing bridge, failure to install guardrails, failure to place gravel on the roadway or restrict access to the roadway in its dangerous condition.

(*Id.* ¶ 22.) The judgment further stated that this causation determination was premised on testimony from Davis's engineering expert, M. Derek Barrantine, PE, that "[i]t was negligent not to replace [the timbered bridge] or to have erected barriers to prevent driving over the embankment," and that "[t]he roadway had no gravel placed thereon . . . , which also constitutes negligent maintenance of [the Property]." (*Id.* ¶¶ 11-13; *see also* Compl. ¶ 25.) The judgment did not address any of the claims asserted against Regan.

### III. **Plaintiff's Lawsuit**

Plaintiff now alleges that State Farm "exhibited bad faith in its initial defense . . . and then subsequent withdrawal and abandonment . . . during the course of the litigation." (Compl. ¶

6

28.) Plaintiff further contends that the Policy entitles her "to indemnity for liability up to $500,000.00" and that State Farm "should be liable and be required to pay." (*Id.* ¶ 27.) State Farm argues that the Policy clearly excluded coverage for Davis's claims, which arose out of Regan's "use" of a "motor vehicle owned or operated by" an "insured." (*See* Policy § 2, Exclusions ¶ 1(e)(2).) Thus, according to State Farm, judgment on the pleadings is appropriate because Plaintiff "would not be entitled to relief under any set of facts that could be proved consistent with the allegations[.]" *Horsley*, 292 F.3d at 700.

DISCUSSION

In Georgia, "an insurance company is free to fix the terms of its policies as it sees fit, so long as such terms are not contrary to law, and it is equally free to insure against certain risks while excluding others." *Cont'l Cas. Co. v. H.S.I. Fin. Servs., Inc.*, 266 Ga. 260, 262, 466 S.E.2d 4, 6 (1996). Although exclusions to coverage "are strictly construed against the insurer, one that is plain and unambiguous binds the parties to its terms and must be given effect, even if beneficial to the insurer and detrimental to the insured." *Manning v. USF&G Ins. Co.*, 264 Ga. App. 102, 103, 589 S.E.2d 687, 688 (2003) (internal quotation marks and footnote omitted). Courts "will not strain to extend coverage where none was contracted or intended." *Id.* (internal quotation marks omitted).

Here, the plain language of the Policy excludes coverage for any claim "arising out of the ownership, maintenance, use, loading or unloading of . . . a motor vehicle owned or operated by or rented or loaned to any insured." (Policy § 2, Exclusions ¶ 1(e)(2).) Thus, the issue here is whether an exclusion denying coverage for claims "arising out of" the use of a motor vehicle owned or operated by an insured applies to a claim that the insured negligently maintained the covered property, which resulted in an automobile collision. The Georgia Court of Appeals considered a similar issue in *Manning v. USF&G Insurance Co.*, 264 Ga. App. 102, 589 S.E.2d 687. Relying on two prior decisions of the Georgia Supreme Court, the *Manning* court applied a "but for" test to determine "whether an exclusion . . . denying coverage for incidents arising out of the use of a motor vehicle applies to a claim that the homeowner was negligent because she provided alcohol to minors in her home, and an automobile collision involving the minors ensued."[3] 264 Ga. App. at 103, 589 S.E.2d at 688. In ruling that the exclusion applied because "the

---

[3]The *Manning* court based its decision on two decisions from the Georgia Supreme Court: *Continental Casualty Co. v. H.S.I. Financial Services, Inc.*, 266 Ga. 260, 466 S.E.2d 4 (1996), and *Jefferson Insurance Co. of New York v. Dunn*, 269 Ga. 213, 496 S.E.2d 696 (1998). In *Continental Casualty Co.*, the Georgia Supreme Court determined that "a claim for a law partner's negligence with respect to supervising and mitigating a fellow partner's criminal act 'ar[o]se out of' 'any dishonest, fraudulent, criminal or malicious act' within the meaning of [an] insurance policy exclusion[.]" *See* 266 Ga. at 261-62, 466 S.E.2d at 6-7. The Court reiterated this holding in *Dunn*, finding that "coverage need not be provided for a claim for negligent supervision, which arose out of conduct that came within the scope of the exclusionary clause." 269 Ga. at 215, 496 S.E.2d at 698.

8

damages sought arose out of an automobile accident," the court specifically rejected the plaintiff's contention that the defendant insurance company owed a duty to defend the insured where "[the insured]'s negligent act of providing alcohol to her minor son was a concurrent cause of [the plaintiff]'s injuries." *Id.* at 106, 589 S.E.2d at 690-91.

State Farm argues that here, as in *Manning*, the Policy excludes coverage for the claims asserted against Plaintiff because these claims "clearly arose out of conduct that was within the scope of" the motor vehicle exclusionary clause. *Cont'l Cas.*, 266 Ga. at 262, 466 S.E.2d at 7. More specifically, State Farm contends that "but for [Regan]'s actions, there could be no claim against [Plaintiff,]" *id.*, 466 S.E.2d at 6, and "the alleged independent act of negligence [by Plaintiff] does not negate the exclusion[,]" *Manning*, 264 Ga. App. at 106, 589 S.E.2d at 691. Plaintiff attempts to distinguish this case from *Manning* by arguing that State Farm "is in a different posture" because of the "specific determination [that] the maintenance of the [P]roperty, and not the 'automobile' was the basis for the injuries sued upon." (Pl.'s Resp. to Def.'s Mot. for J. on the Pleadings ¶ 2; Mem. of Law 2.) This argument completely misses the point, however: "the question . . . is not whether [Plaintiff] is liable for [Davis]'s injuries, but whether [Plaintiff]'s homeowner's insurance protects her against the type of harm that occurred." *Manning*, 264 Ga. App. at 106, 589 S.E.2d at 690. The

9

state court judgment simply establishes Plaintiff's liability to Davis, not State Farm's liability to Plaintiff. Plaintiff has "conced[ed] that the 'use of' an automobile [by an insured] was at least partly involved in the injuries and damages sustained by Mallory Davis," (Pl.'s Resp. ¶ 4), and it is clear from the pleadings that "but for [Regan]'s actions, there could be no claim against [Plaintiff]."[4] *Cont'l Cas.*, 266 Ga. at 262, 466 S.E.2d at 6. Since the Policy excludes coverage of any claims "arising out of" an insured's ownership, use or entrustment of a motor vehicle, State Farm does not owe a duty to indemnify Plaintiff for the damages awarded to Davis. Therefore, Plaintiff's claims against State Farm fail as a matter of law.

CONCLUSION

For the reasons stated herein, the Court grants Defendant's Motion for Judgment on the Pleadings (Doc. 9).

---

[4] Plaintiff argues that "due to the defective nature of the [P]roperty, it would not have made a difference if [Davis] had been riding a bicycle or even traversing the [P]roperty on foot, under the weather conditions at the time." (Pl.'s Resp. ¶ 4.) Although the state court judgment specifically lists Plaintiff's negligence as the "proximate cause" of Davis's injuries, this fact does not preclude a finding that these injuries "arose out of" Regan's use of Plaintiff's pick-up truck for insurance purposes. For this reason, it is relevant to the issue at hand that Davis was *not* walking along the private road, but was riding as a passenger in a motor vehicle being driven by Regan. The fact is that Davis's claims for bodily injury clearly "arose out of" Regan's use of a motor vehicle, which belonged to Plaintiff, and the Policy clearly excludes coverage for such claims.

IT IS SO ORDERED, this 29th day of May, 2008.

                                                      S/Clay D. Land
                                                       CLAY D. LAND
                                        UNITED STATES DISTRICT JUDGE